STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. LEONARD W. SHEFREN, RESPONDENT.

690 N.W.2d 776

Filed January 14, 2005.   No. S-04-457.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Leonard W. Shefren, was admitted to the practice of law in the State of Nebraska on June 25, 1974, and at all times relevant hereto was engaged in the private practice of law in Omaha, Nebraska. On April 14, 2004, formal charges were filed against respondent. The formal charges set forth two counts that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule); DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice);

and Canon 5, DR 5-103(B) (improperly advancing or guaranteeing financial assistance to client), as well as his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997).

A referee was appointed and heard evidence. On November 24, 2004, the referee filed his report. With respect to the two counts in the formal charges, the referee found that respondent's conduct had violated DR 1-102(A)(1) and (5) and DR 5-103(B), as well as his oath of office as an attorney. The referee recommended that respondent be publicly reprimanded and suspended from the practice of law for 30 days.

On December 3, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly did not challenge or contest the findings of fact and recommended sanction set forth in the referee's report and waived all proceedings against him in connection therewith in exchange for a stated form of consent judgment of discipline outlined below. Respondent asked that any suspension be imposed 30 days after the ruling by this court on the conditional admission. Upon due consideration, the court approves the conditional admission and imposes discipline as outlined *infra*.

## FACTS

In summary, in his report, the referee found that respondent had guaranteed bank loans for 20 different clients who had sustained personal injuries, primarily in work-related accidents. The loans totaled approximately $550,000. Respondent was pursuing claims on behalf of these clients in an effort to recover damages or benefits as a result of their injuries. The referee found that respondent guaranteed these loans because banks would not otherwise loan money to the injured clients who needed the money for living expenses. The referee further found that respondent did not guarantee the loans to induce the clients to retain respondent's services and that no client had suffered any money damages as a result of respondent's loan guarantee practices. The referee found that respondent's conduct had violated DR 1-102(A)(1) and (5) and DR 5-103(B), as well as his oath of office as an attorney.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the truth of the matters conditionally admitted and knowingly does not challenge or contest that he violated DR 1-102(A)(1) and (5) and DR 5-103(B), as well as his oath of office as an attorney. We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (5) and DR 5-103(B), as well as his oath of office as an attorney, and that respondent should be and hereby is publicly reprimanded. We further order that respondent should be and hereby is suspended from the practice of law for a period of 30 days, effective 30 days after filing this opinion. Respondent shall comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, he shall be subject to punishment for contempt of this court. At the end of respondent's 30-day suspension period,

respondent shall be automatically reinstated to the practice of law, provided that respondent has demonstrated his compliance with rule 16, and further provided that the Counsel for Discipline has not notified this court that respondent has violated any disciplinary rule during his suspension. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND AND SUSPENSION.